ALISA LIPSKI (State Bar No. 278710)
EDWARD GOLDSTEIN (*Pro Hac Vice To Be Filed*)
GOLDSTEIN & LIPSKI, PLLC
1177 West Loop South, Suite 400
Houston, TX 77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737
Email: alipski@gliplaw.com
Email: egoldstein@gliplaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: blumenfeld@fsclaw.com
Email: vowell@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>SYBASE, INC.<br><br>        Defendant. | CASE NO. 12 1099<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,249,868 AND 6,594,765**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant SYBASE, INC., alleging as follows:

### THE PARTIES

1. Plaintiff SOFTVAULT SYSTEMS, INC. ("SOFTVAULT") is a corporation organized and existing under the laws of the State of Washington with its principle place of business in the State of Washington.

2. Upon information and belief, SYBASE, INC. ("DEFENDANT") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Dublin, California. Defendant may be served with process through its registered agent The Prentice-Hall Corporation System, Inc., 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

### JURISDICTION AND VENUE

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, Sybase is subject to personal jurisdiction by this Court. Sybase has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. Sybase makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California where Defendant resides, such that this venue is a fair and reasonable one. Upon information and belief, Sybase has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

### PATENTS-IN-SUIT

5. On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and made a part hereof.

6. On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent" was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and made a part hereof.

7. The '868 Patent and the '765 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

8. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to a method and system of protecting electronic, mechanical, and electromechanical devices and systems, such as for example a computer system, and their components and software from unauthorized use. Specifically, certain claims of the '868 and '765 Patents disclose the utilization of embedded agents within system components to allow for the enablement or disablement of the system component in which the agent is embedded. The invention disclosed in the Patents-in-Suit discloses a server that communicates with the embedded agent through the use of one or more handshake operations to authorize the embedded agent. When the embedded agent is authorized by the server, it enables the device or component, and when not authorized the embedded agent disables the device or component.

## FIRST CLAIM FOR RELIEF

**(Patent Infringement)**

9. SoftVault repeats and realleges every allegation set forth above.

10. SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

11. Upon information and belief, Sybase is liable under 35 U.S.C. §271(a) for direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices,

imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

12. More specifically, Sybase infringes the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and systems which prevents unauthorized use of a computer system through the ability to enable or disable the operation of a device's components through an authorization process performed by an embedded agent in the component device and a server. By way of example only, Sybase's "Afaria" system (which includes "Afaria Client" software and an "Afaria Server") has, at a minimum, in the past directly infringed and continues to directly infringe at least Claims 1 and 44 of the '868 Patent, as well as at least Claim 9 of the '765 Patent.

13. Sybase's "Afaria" system includes the capability to enable or disable a mobile device, such as a laptop or smart phone, to prevent misuse of the system by "rogue devices" and/or "rogue servers." The "Afaria" system includes the "Afaria Client" that operates on the mobile device and communicates with the "Afaria Server", which is also part of the "Afaria" system through authentication software included in the "Afaria Client." This communication includes a series of message exchanges constituting a handshake operation between the "Afaria Client" and the "Afaria Server." Through these exchanges the "Afaria Server" can authenticate and authorize a device in which the "Afaria Client" is embedded. When the "Afaria Client" is authorized by the "Afaria Server," the mobile device operates normally and when the "Afaria Client" is not authorized, the mobile device is remotely locked and disabled. Similarly, when the "Afaria Server" is recognized by the "Afaria Client", the mobile device will accept communications from the server and when the "Afaria Server" is not recognized, the mobile device will not accept communications.

14. Sybase has actual notice of the Patents-in-Suit at least as early as the filing of this Complaint.

15. SoftVault has been damaged as a result of Sybase's infringing conduct. Sybase is, thus, liable to SoftVault in an amount that adequately compensates SoftVault for Sybase's

infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

SoftVault requests that the Court find in its favor and against Sybase, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Sybase;

b. Judgment that Sybase account for and pay to SoftVault all damages to and costs incurred by SoftVault because of Sybase's infringing activities and other conduct complained of herein;

c. That Sybase, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit. In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

e. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Sybase's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

COMPLAINT FOR PATENT INFRINGEMENT 4

| | |
|---|---|
| DATED: March 5, 2012 | /s/ Alisa Lipski<br>Alisa Lipski<br>State Bar No.278710<br>GOLDSTEIN & LIPSKI, PLLC<br>1177 West Loop South, Suite 400<br>Houston, TX 77027<br>Telephone: (713) 877-1515<br>Facsimile: (713) 877-1737<br>Email: alipski@gliplaw.com<br><br>Attorney for Plaintiff<br>SOFTVAULT SYSTEMS, INC. |

Of Counsel:

Edward Goldstein
 GOLDSTEIN & LIPSKI, PLLC
1177 West Loop South, Suite 400
Houston, TX 77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737
Email: egoldstein@gliplaw.com

Jonathan T. Suder
Corby R. Vowell
Todd Blumenfeld
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: blumenfeld@fsclaw.com
Email: vowell@fsclaw.com