UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC.,<br><br>                     Plaintiff,<br>     v.<br><br>SYBASE, INC.,<br><br>                     Defendant.<br><br>AND ALL RELATED ACTIONS | Case No.: 12-CV-01099-LHK<br>Related Case No.: 12-CV-01658-LHK<br>Related Case No.: 12-CV-01940-LHK<br><br>ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL |

Before the Court are Plaintiff Softvault Systems, Inc.'s Administrative Request to File Documents Under Seal (ECF No. 38) and a stipulation of Plaintiff and Defendant Sybase, Inc. in support of Plaintiff's Administrative Request to File Documents Under Seal (ECF No. 40). The documents Plaintiff seeks to seal include portions of Plaintiff's Motion for Summary Judgment and portions of declarations and exhibits filed in support of that motion.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.

1   *Id*. at 1135.  That is, the party must "articulate[ ] compelling reasons supported by specific factual

2   findings," *id*. (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th

3   Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure,

4   such as the "'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434

5   (quoting *EEOC v. Erection Co*., 900 F.2d 168, 170 (9th Cir. 1990)).

6   The Ninth Circuit has explained that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006) (internal citation omitted).  The Ninth Circuit has also carved out an exception to the strong presumption of openness for pre-trial, non-dispositive motions.  The Ninth Circuit applies a "good cause" showing to keep sealed records attached to non-dispositive motions.  *Id.* at 1180.   Thus the Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages of litigation.  *Id*.

19  In light of the Ninth Circuit's admonition in *Kamakana* regarding the presumption of openness and the high burden placed on sealing documents at the merits stage of the litigation, it appears that the parties have overdesignated confidential documents and are seeking to seal information that is not truly sealable under the "compelling reasons" standard.  As one example, the parties have sought to seal the entire contents of a licensing agreement.  Some aspects of licensing agreements may indeed meet the "compelling reasons" standard.  In particular, the Ninth Circuit has held that pricing terms, royalty rates, and minimum payment terms of the licensing agreements are sealable. *See In re Electronic Arts Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding "pricing terms, royalty rates, and guaranteed minimum payment terms" of a license agreement to "plainly fall[] within the definition of 'trade secrets'").  But this Court will not seal a

licensing agreement in its entirety. *See Apple, Inc. v. Samsung Electronics Co., Ltd.,* 11-CV-01846-LHK, 2012 WL 3283478 at *6 (N.D. Cal. Aug. 9, 2012).

As Judge Alsup explained in *Oracle America v. Google, Inc*., 10-CV-03561-WHA, at ECF No. 540, "The United States district court is a public institution, and the workings of litigation must be open to public view.  Pretrial submissions are a part of trial." Accordingly, Judge Alsup advised counsel that "unless they identify a limited amount of exceptionally sensitive information that truly deserves protection, the motions will be denied outright." *Id*.  Accordingly, the Request to File Documents Under Seal is DENIED without prejudice.

The parties may file renewed motions to seal within one week of the date of this Order. However, the parties are ORDERED to carefully scrutinize the documents they seek to seal.  At this stage of the proceedings, the presumption of openness will apply to all documents and only documents of exceptionally sensitive information that truly deserve protection will be allowed to be redacted or kept from the public.

**IT IS SO ORDERED.**

Dated: September 19, 2012

_____
LUCY H. KOH
United States District Judge